UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

JUSTIN FREID,  )
    Plaintiff  )
    v.  )  Case No.:
NCO FINANCIAL SYSTEMS, INC.,  )  COMPLAINT AND DEMAND FOR
    Defendant  )  JURY TRIAL
    )  (Unlawful Debt Collection Practices)

## COMPLAINT

JUSTINE FREID ("Plaintiff"), by his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NCO FINANCIAL SYSTEMS, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business and has an office in the Commonwealth of Pennsylvania and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing at the time of the harassment in Ridgefield, New Jersey, 07657.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a national debt collection company with corporate headquarters located at 507 Prudential Road in Horsham, Pennsylvania, 19044.

9. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute, which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

15. At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

16. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

17. Beginning on or around August of 2009 and continuing until March of 2010, Defendant, its agents, employees, and servants, engaged in debt collection activities seeking payment from Plaintiff.

18. Defendant, its employees and servants harassed Plaintiff by making continuous calls to his telephone number.

19. Plaintiff received phone calls and voice messages from Defendant on a number of occasions including but not limited to, numerous calls in the months of December 2009, January 2010, February 2010, and March 2010 from the following phone numbers (866) 576-1447, (888) 432-2630, (877) 349-7517, and (800) 3510-2457. The undersigned has confirmed that the number belongs to Defendant. Plaintiff's call log is attached hereto as Exhibit "A".

20. Defendant placed repeated calls to Plaintiff's telephone almost every day, causing Plaintiff to receive, at times, more than two (2) collection calls a day and at times, more than ten (10) collection calls a week and at times, and more than twenty (20) collection calls a month.

21. After the initial correspondence with Defendant back in August of 2009, Plaintiff has still not received a letter notifying him of his rights and privileges under the law, specifically the right to dispute and/or request verification of the alleged debt.

22. Upon information and belief, Defendant sought to collect a debt from Plaintiff

PLAINTIFF'S COMPLAINT

despite the fact that it had no knowledge of its validity.

23. Defendant's actions in attempting to collect the alleged debt were harassing, abusive and highly deceptive.

## CONSTRUCTION OF APPLICABLE LAW

24. The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

25. The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

26. The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v. Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous.

and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

## COUNT I
## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

27. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

    a. Defendant violated of the FDCPA generally;

    b. Defendant violated § 1692d of the FDCPA by harassing Plaintiff in connection with the collection of an alleged debt;

    c. Defendant violated § 1692d(5) of the FDCPA, when it caused the Plaintiff's telephone to ring repeatedly or continuously with the intent to harass, annoy or abuse Plaintiff;

    d. Defendant violated § 1692f of the FDCPA by using unfair and unconscionable means with Plaintiff to collect or attempt to collect a debt;

    e. Defendant violated § 1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt;

f. Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

WHEREFORE, Plaintiff, JUSTINE FREID, respectfully pray for a judgment as follows:

a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JUSTIN FREID, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 1-14-11

KIMMEL & SILVERMAN, P.C.,

By:_____
Craig Thor Kimmel
Attorney ID # 57100
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Fax: (215) 540-8817
Email: kimmel@creditlaw.com

| CALLER | NUMBER | DATE | TIME | AM/PM | VM? | LENGTH |
|---|---|---|---|---|---|---|
| NCO | 866-576-1447 | 3/22/2010 | 11:45:00 | AM | | |
| NCO | 888-432-2630 | 3/17/2010 | 6:55:00 | PM | VM? | |
| NCO | 866-576-1447 | 3/16/2010 | 10:06:00 | AM | | |
| NCO | 888-432-2630 | 3/16/2010 | 8:45:00 | AM | | |
| NCO | 888-432-2630 | 3/15/2010 | 3:19:00 | PM | | |
| NCO | 877-349-7517 | 3/15/2010 | 2:21:00 | PM | VM | 0:36:00 |
| NCO | 888-432-2630 | 3/13/2010 | 2:18:00 | PM | | |
| NCO | 888-432-2630 | 3/12/2010 | 10:30:00 | AM | | |
| NCO | 888-432-2630 | 3/12/2010 | 12:48:00 | PM | | |
| NCO | 888-432-2630 | 3/11/2010 | 11:47:00 | AM | | |
| NCO | 888-432-2630 | 3/11/2010 | 2:42:00 | PM | | |
| NCO | Unknown | 3/10/2010 | 7:29:00 | PM | VM | 0:39:00 |
| NCO | 888-432-2630 | 3/10/2010 | 4:41:00 | PM | | |
| NCO | 888-432-2630 | 3/9/2010 | 4:08:00 | PM | VM | 0:09:00 |
| NCO | 888-432-2630 | 3/8/2010 | 1:41:00 | PM | VM | 0:05:00 |
| NCO | 888-432-2630 | 3/5/2010 | 3:05:00 | PM | VM | 0:37:00 |
| NCO | Unknown | 3/3/2010 | 2:28:00 | PM | VM | 0:34:00 |
| NCO | 888-432-2630 | 3/4/2010 | 4:18:00 | PM | VM | 0:10:00 |
| NCO | Unknown | 3/2/2010 | 7:39:00 | PM | VM | 0:49:00 |
| NCO | 888-432-2630 | 3/1/2010 | 1:55:00 | PM | | |
| NCO | 888-432-2630 | 2/27/2010 | 8:18:00 | AM | | |
| NCO | Unknown | 2/26/2010 | 7:18:00 | PM | VM | 0:32:00 |
| NCO | 888-432-2630 | 2/26/2010 | 12:08:00 | PM | | |
| NCO | 866-576-1447 | 2/26/2010 | 9:03:00 | AM | | |
| NCO | 888-432-2630 | 2/25/2010 | 5:52:00 | PM | | |
| NCO | 800-350-2457 | 2/24/2010 | 5:16:00 | PM | | |
| NCO | 800-350-2457 | 2/24/2010 | 8:53:00 | PM | | |
| NCO | 888-432-2630 | 2/24/2010 | 10:56:00 | AM | | |
| NCO | 888-432-2630 | 2/24/2010 | 9:12:00 | AM | | |
| NCO | 888-432-2630 | 2/23/2010 | 3:00:00 | PM | | |
| NCO | +223516100 | 2/23/2010 | 11:33:00 | AM | VM | |
| NCO | 866-576-1447 | 2/23/2010 | 11:32:00 | AM | VM | |
| NCO | 888-432-2630 | 2/22/2010 | 5:26:00 | PM | | |
| NCO | 888-432-2630 | 2/20/2010 | 8:07:00 | AM | VM | 0:05:00 |
| NCO | 888-432-2630 | 2/19/2010 | 1:52:00 | PM | | |
| NCO | 888-432-2630 | 2/18/2010 | 5:43:00 | PM | | |
| NCO | 888-432-2630 | 2/17/2010 | 4:40:00 | PM | | 0:59:00 |
| NCO | Unknown | 2/16/2010 | 5:33:00 | PM | VM | 1:00:00 |
| | | | | | | 0:32:00 |



PLAINTIFF'S EXHIBIT A

| | | | | |
|---|---|---|---|---|
| NCO | 888-432-2630 | 2/16/2010 | 8:11:00 | AM |
| NCO | 888-432-2630 | 2/15/2010 | 2:43:00 | PM |
| NCO | 888-432-2630 | 2/15/2010 | 1:42:00 | PM |
| NCO | 888-432-2630 | 2/12/2010 | 4:05:00 | PM |
| NCO | 888-432-2630 | 2/9/2010 | 1:29:00 | PM |
| NCO | 888-432-2630 | 2/8/2010 | 8:26:00 | PM |
| NCO | 888-432-2630 | 2/8/2010 | 7:24:00 | PM |
| NCO | 888-432-2630 | 2/6/2010 | 8:14:00 | AM |
| NCO | 888-432-2630 | 2/5/2010 | 1:32:00 | PM |
| NCO | Unknown | 2/4/2010 | 7:13:00 | PM | VM |
| NCO | 888-432-2630 | 2/4/2010 | 2:07:00 | PM |
| NCO | 888-432-2630 | 2/3/2010 | 7:48:00 | PM |
| NCO | Unknown | 2/3/2010 | 7:07:00 | PM | VM |
| NCO | 888-432-2630 | 2/3/2010 | 6:47:00 | PM |
| NCO | 888-432-2630 | 2/2/2010 | 6:01:00 | PM |
| NCO | 888-432-2630 | 1/29/2010 | 6:13:00 | PM |
| NCO | Unknown | 1/28/2010 | 7:19:00 | PM | VM |
| NCO | 888-432-2630 | 1/28/2010 | 1:00:00 | PM | VM |
| NCO | 888-432-2630 | 1/27/2010 | 11:46:00 | AM | VM |
| NCO | Unknown | 1/25/2010 | 3:03:00 | PM | VM |
| NCO | 888-432-2630 | 1/15/2010 | 3:53:00 | PM | VM |
| NCO | Unknown | 1/7/2010 | 3:06:00 | PM | VM |
| NCO | 888-432-2630 | 1/7/2010 | 12:33:00 | PM | VM |
| NCO | 800-334-0626 | 1/6/2010 | 2:16:00 | PM |
| NCO | 866-576-1447 | 12/27/2009 | 2:33:00 | PM |
| NCO | 866-576-1447 | 12/27/2009 | 8:38:00 | AM |
| NCO | 800-334-0626 | 12/23/2009 | 12:44:00 | PM |
| NCO | 800-350-2457 | 12/19/2009 | 3:19:00 | PM |
| NCO | 800-350-2457 | 12/19/2009 | 10:02:00 | AM |
| NCO | 800-350-2457 | 12/18/2009 | 11:16:00 | AM |
| NCO | 866-576-1447 | 12/16/2009 | 8:16:00 | PM | VM |
| NCO | 866-576-1447 | 12/16/2009 | 7:44:00 | PM |
| NCO | 800-350-2457 | 12/16/2009 | 10:44:00 | AM | VM |
| NCO | 800-350-2457 | 12/15/2009 | 11:49:00 | AM |
| NCO | 800-334-0626 | 12/12/2009 | 10:40:00 | AM | VM |
| NCO | 800-334-0626 | 10/15/2009 | 2:53:00 | PM | VM |
| NCO | 800-334-0626 | 9/14/2009 | | | VM |
| NCO | 800-334-0626 | 8/26/2009 | 2:35:00 | PM |

| | |
|---|---|
| | 0:49:00 |
| | 0:46:00 |
| | 0:51:00 |
| | 0:05:00 |
| | 0:15:00 |
| | 0:30:00 |
| | 0:06:00 |
| | 0:32:00 |
| | 0:21:00 |
| | 0:45:00 |
| | 0:19:00 |
| | 0:37:00 |
| | 0:37:00 |
| | 0:37:00 |

# CIVIL COVER SHEET

JS 44 (Rev. 12/07, NJ 5/08)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JUSTIN FREID

**DEFENDANTS**
NCO FINANCIAL SYSTEMS, INC.

(b) County of Residence of First Listed Plaintiff _____

County of Residence of First Listed Defendant _____

(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)

Craig Thor Kimmel, Esquire
Kimmel & Silverman, P.C.
30 E. Butler Pike
Ambler, PA 19002
(215) 540-8888

Attorneys (If Known)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

## IV. NATURE OF SUIT
[X] 480 Consumer Credit

## V. ORIGIN
[X] 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C SECTION 1692

Brief description of cause:
Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S)

DATE: 1-14-11

SIGNATURE OF ATTORNEY OF RECORD

JAN 14 2011

**MMB**

UNITED STATES DISTRICT COURT

11-cv-257

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 665 Studio Road, Ridgefield NJ 07657

Address of Defendant: 507 Prudential Road, Horsham PA 19044

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☑

Does this case involve multidistrict litigation possibilities?  Yes☐  No☑

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?  Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
   (Please specify) 15 U.S.C. §1692

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Craig Thor Kimmel, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs.
☐ Relief other than monetary damages is sought.

DATE: 1-14-11      Craig Thor Kimmel         57100
                   Attorney-at-Law           Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1-14-11      Craig Thor Kimmel         57100
                   Attorney-at-Law           Attorney I.D.#

CIV. 609 (6/08)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Justin Freid : CIVIL ACTION
v. :
NCO Financial Systems, Inc. : NO. 11 0257

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                                                             ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                                                         ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.         (X)

1-14-11          Craig Thor Kimmel            Justin Freid
Date             Attorney-at-law              Attorney for

(215) 540-8888   877-788-2864                 Kimmel@creditlaw.com
Telephone        FAX Number                   E-Mail Address

(Civ. 660) 10/02

